# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| REX CRAIGHEAD | CIVIL ACTION NO. 3:17-CV-477 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| MIKE ANDERSON, ET AL | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on March 29, 2017, by *pro se* plaintiff Rex Craighead. Plaintiff is incarcerated at the Ouachita Parish Correctional Center in Monroe, Louisiana. He sues Mike Anderson, Terry Futch, Terry Parish, Unknown Officers, Big Wil, Jay Russell, Jack Trooper F, Woodard Troop F, Donald J. Trump, Officer Turner, Cpt. Nichols and Chief Robertson. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Plaintiff's original complaint was filed on March 29, 2017 [Rec. Doc. 1]. He has subsequently filed five Amended Complaints [Rec. Docs. 4, 8, 10, 11, 12]. Each document consists of rambling, nonsensical allegations involving the named defendants.

He begins his complaint describing an incident occurring on October 20, 2016, whereby he saw Mike Anderson on Facebook on an "African site," inviting him to "go around the world." [Rec. Doc.4, p. 3] He also saw Terry Futch on a "Fireman site." *Id.*

He goes on to make allegations involving his cell phone(s)- which are reiterated throughout

his pleadings. "For 6 years I would say no to the civil service stuff that came to my phones. I would tear the phones up. My letters would skip every time I try to use it. A pink piggy comes in the middle of my iphone. She is a pervert sex offender cop. When I'm with a girl in the bathroom and she say a certain something my phones goes off and says the same words she says. This is sex offender cop doing this. They say they have filed me for 6 years, putn (sic) wire bugs in my trailor (sic). These agents are criminals drug dealers. They help theyre selfs (sic) to my pics on my phones. They abuse the tools we provide for them." *Id.* The narrative involving federal agents as drug dealers who have stolen his cell phones is repeated throughout his filings.

He also repeats an allegation of the "use of many dead babies," by defendants to try and get his phone. [Rec. Doc. 4, p. 4] "...and then put a chair up against the coffin and have a 3 year old (climb) boy over in coffin and say here follow me. If I don't let them take over my phone from Iraq. Death threat (sic) over 30 times." *Id.*

He indicates that he was present at boat dock during a drug deal involving defendant Futch and over 30 agents. [Rec. Doc. 4-1, p. 2] He also alleges that guns were shot at him. "They start n-pop-n-pop pop n-pop." *Id.* at p. 3

He recounts an incident whereby he was waling down the highway, going to charge his phone, when a drunk man was walking toward him, cussing. *Id.* at p. 4 When he asked the man why he was mad, "he said he couldn't get ice cream at Wendy's 10:30 p.m. The other drunk guy with him came ran me out in hwy with knife I picked up concrete defended myself." *Id.* He states that he is "in here" (presumably jail), because " a drunk and Mike Anderson made me mad... 2 men against 1. I was straight and they were both drunk. One had arm pushing me in the highway a 2nd time. And the first one already ran me aggressively out in the highway with his knife. I bent down and picked

2

up weapon (concrete) piece to defend myself. He lunged at me again when the other drunk had his arm against me pushing me in the hwy a 2nd time. So I floored him with concrete. Self defense. He got what he deserved. I don't learn anything cause I would do it again to defend my own life. Self defense." *Id.*

After recounting the incident for which he was apparently arrested and jailed, he goes to make illogical accusations, "For Mike Anderson to leave me in jail after he pushed terrorism safari on me. It found Iraq underground bomb tunnel. Billions of dollars recovered. 4000# 4000 pd diamond goes back to 6 after Christ never seen before in USA." *Id.*

Plaintiff's repeats many of the accusations and makes other bizarre statements, including "Wil Metro floods our streets with drugs. They ride Harlys (sic) like thugs. I don't do bikers. Monroe Metro." [Rec. Doc. 8, p. 1] "Church people penticostial (sic) Kansas Ln next to Mary Lea Apartments come to me and tell me what they see them do to me. I tell them to picket with signs with me. Mike Anderson team of 8 New Orleans. I only know from them saleing (sic) dope. Facts dates cars persons." *Id.* at p.5.

In the first of two Amended Complaints filed on April 26, 2017, he added Donald J. Trump as a defendant, he states that, "Hillary Clinton should've been our President. I voted for neither. When it deals with my 4 phones that I paid for with my money, they use for terrorism I feel the election was cheated by Ivana Trump in the Trump Towers on American Soil. The Good Lord gives me the knowledge to feel it's the truth and for me to have billions of followers worldwide and no other human ever liveing (sic) has ever had." [Rec. Doc. 10, p. 2] "Donald Trump keeps saying Obama had his tower bugged to cover up what I say here." *Id.* In the second April 26, 2017 complaint, he makes more allegations surrounding the alleged theft of his cell phones and of illegal

behavior by several of the defendants, recounting drug "stings" gone bad. [Rec. Doc. 11]

In his most recent filing of May 1, 2017, he provides two cell numbers that allegedly belong to "stalker cops" [Rec. Doc. 12, p. 1] "I'll make this short cause 318-303-1511 and stalker 318-303-1611 has it all to read. The stalking the perversion the drug offers. Str8ght up is 8-Ball offers. From cops." He also makes allegations that "they" are filming him in the shower. *Id.* at p. 2.

In the prayer for relief contained in his Original Complaint, he asks the Court to "arrest each [defendant] for stalking and theft of my 4 phones and each time they used them for terrorism is a theft count and the person who receives text or Facebook gets receiving stolen goods charge. Hold each without bond and conspiracy to sale (sic) over 7 grams of meth. at Boat Ramp and threatn (sic) me with n-pop pop-n-pop pop n pop." [Rec. Doc. 4 at p. 4] With respect to the allegations that he is being filmed in the shower in jail, he asks that the Court to "stop them from violateing (sic) my Constitutional rites (sic) and order them to stop." [Rec. Doc. 12, p. 2] He also asks for a Court order releasing him from jail. *Id.* at p. 6.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d

340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Generally, a district court should not dismiss a pro se complaint for failure to state a claim without giving plaintiff opportunity to amend. *Wright v. Williams*, 2014 U.S. Dist. LEXIS 187570, *6 (W.D. Tex. Sept. 11, 2014) (*citing Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, it is unnecessary to grant an opportunity to amend if the facts alleged are fantastic or delusional scenarios. *Id. (citing Gregory v. McKennon*, 430 Fed.Appx. 306, 308 (5th Cir. 2011); Eason v. Thaler, 14 F.3d 8, 9 n. 5 (5th Cir. 1994).

Plaintiff's complaint is both a rambling, nonsensical diatribe against certain law enforcement agents and a series of random and delusional conclusory allegations and statements. However, read liberally, his complaint can be interpreted to raise three claims for relief: (1) He alleges a general violation of his constitutional right to privacy against being filmed in the shower; (2) he asks for criminal charges to be brought against certain defendants; and (3) he asks to be released from jail.

### 2. *Fanciful Claims of Privacy Violations*

Plaintiff's allegations of being filmed in the shower in jail are clearly fanciful and delusional. He does not present either cognizable claims or a logical set of facts to support any claim for relief. Instead, his complaint recites absurd charges which are fanciful and delusional in nature and, accordingly, should be dismissed.

### 3. *Criminal Charges are Not Available*

To the extent that Craighead seeks to initiate criminal charges against the defendants, there is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Nor is there a constitutional right to have someone investigated. Importantly, the decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Satler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). Accordingly, plaintiff's allegations about rogue law enforcement officers fails to state an actionable claim upon which relief can be granted under 42

U.S.C. § 1983 and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### 4. *Habeas Corpus Considerations*

In the present case, plaintiff asks for a court order releasing him from jail. Habeas Corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). Plaintiff must pursue any such request through a petition for habeas corpus relief.

In order for this court to construe this civil action as a petition for habeas relief, the plaintiff is required to have exhausted his available state remedies. *See Preiser*, 411 U.S. at 477. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988). In Louisiana, the highest court is the Louisiana Supreme Court. Therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a habeas corpus petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments involving the plaintiff, and therefore, it is safe to conclude that he did not present the substance of his claims to Louisiana's highest court. Consequently, this complaint will not be construed as a petition for habeas corpus relief.

To the extent plaintiff has asserted a habeas corpus claim, his claim will be dismissed from

this § 1983 case, without prejudice. After plaintiff exhausts his state court remedies, and in the event he wishes to pursue a petition for habeas relief in this court, he may file such petition.

*Conclusion*

Plaintiff's claims are either fanciful, frivolous, or fail to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915.

**IT IS FURTHER RECOMMENDED** that to the extent plaintiff has asserted a habeas corpus claim, this claim be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, May 19, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**